IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MARIA J. PLILER, )
 )
 Plaintiff, )
 )
vs. ) Case No. 17-03010-CV-S-ODS
 )
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
 )
 Defendant. )

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1967, and is a high school graduate. R. at 54, 57. She previously worked as an appliance assembler, sewing machine operator, and cloth folder. R. at 27, 60-61. Plaintiff applied for disability and disability insurance benefits as well as supplemental security income, alleging a disability onset date of July 5, 2008. R. at 18. Plaintiff's applications were denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 171-84. A hearing was held in September 2015. R. at 49-93. During the hearing, Plaintiff's counsel indicated an intent to amend Plaintiff's alleged onset date to December 12, 2012, but a form amending Plaintiff's onset was not submitted. R. at 18, 55-56. In December 2015, ALJ Victor Horton issued his decision, finding Plaintiff was not disabled. R. at 18-28.

In rendering his decision, the ALJ found Plaintiff had the following severe impairments: migraines, Raynaud's disease, peripheral vascular disease, degenerative disc disease, degenerative joint disease, radiculopathy, and a seizure disorder. R. at 21. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except that she must have a sit/stand option with the ability to change positions frequently, further defined as every hour for one minute and then can return to the same or different position; can never climb ladders or scaffolds; occasionally climb stairs and ramps, stoop, kneel, crouch, and crawl; frequently push and pull with the arms and legs; frequently reach in all directions; never lift overhead; frequently perform handling/gross and fingering/fine manipulation; must avoid concentrated exposure to extreme cold and vibrations, further defined as operating jackhammers or heavy equipment that vibrates the operator; must avoid concentrated exposure to level five noise; and must avoid all exposure to hazards and heights and machinery.

R. at 23. Based upon the RFC and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a charge account clerk and document preparer. R. at 28. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-4. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) Plaintiff's RFC is not supported by substantial evidence because it does not include Plaintiff's use of a cane; and (2) the ALJ failed to properly evaluate Plaintiff's credibility.

### A. Assistive Device

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the RFC does not include Plaintiff's use of a cane. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

Plaintiff was treated by family nurse practitioner David McVicker, who completed a medical source statement – physical ("MSS") in August 2015. R. at 755-57. McVicker opined Plaintiff would be able to occasionally carry less than ten pounds; could never or rarely twist, stoop, balance, crouch, crawl, or climb; could occasionally reach, frequently handle, and constantly finger and feel; would need to shift positions between standing and sitting; would need unscheduled breaks every twenty minutes lasting thirty minutes on average; would be off-task twenty-five percent of the day; and was incapable of "low stress" work. R. at 756-57. McVicker also checked a box indicating Plaintiff would need to use a cane to address her imbalance, pain, weakness, and dizziness. R. at 757.

The ALJ gave McVicker's MSS little weight. R. at 26. The ALJ noted McVicker was not an acceptable medical source according to Social Security Ruling 06-3p, and found McVicker's opinions were not supported by his own treatment notes or the record as a whole. R. at 26. Specifically regarding Plaintiff's use of a cane, the ALJ found Plaintiff not credible in asserting her need of a cane. R. at 25. The ALJ noted Plaintiff

3

did not have treatment notes for the frequent falls she alleged occurred two to three times a week even with a cane, the record did not contain ongoing medical observations of fall-related injuries, and Plaintiff denied falling at times in the record. R. at 25. Finally, the ALJ noted Plaintiff's use of a cane was not based on a medical recommendation or prescription found in the record. R. at 26.

The ALJ did not err in formulating an RFC for sedentary work that did not include Plaintiff's use of a cane. Although McVicker was a treating source, the ALJ may discount his opinion when it is a conclusory statement unsupported by the record. *See Stormo v. Barnhart*, 377 F.3d 801, 805-806 (8th Cir. 2004). Plaintiff identifies several references to her use of a cane in the record (R. at 358, 370, 459, 464, 473), but a cane is not prescribed or recommended by a medical source in the record. Use of a cane was recommended following Plaintiff's August 2014 lumbar fusion surgery, but the record does not indicate a permanent need to use a cane. During the hearing before the ALJ, Plaintiff's counsel posed a hypothetical to the VE that included the need for a cane, and the VE indicated the individual would be unable to perform light work but did not indicate Plaintiff would be unable to perform sedentary work. R. at 92. Plaintiff's RFC indicates she is able to perform sedentary work, not light work as discussed in the VE's response during the hearing.

The ALJ developed an RFC supported by substantial evidence in the record in that it contained functional limitations consistent with Plaintiff's severe impairments. Having identified inconsistencies in the record regarding Plaintiff's use of a cane, the ALJ did not err in failing to formulate an RFC for sedentary work that did not include the use of a cane. Accordingly, the Court affirms the decision in this respect.

### B. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the

4

> impairment and the degree of claimant's subjective complaints need not
> be produced. The adjudicator may not disregard a claimant's subjective
> complaints solely because the objective medical evidence does not fully
> support them.
>
> The absence of an objective medical basis which supports the degree of
> severity of subjective complaints alleged is just one factor to be
> considered in evaluating the credibility of the testimony and complaints.
> The adjudicator must give full consideration to all of the evidence
> presented relating to subjective complaints, including the claimant's prior
> work record, and observations by third parties and treating and examining
> physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective
> complaints solely on the basis of personal observations. Subjective
> complaints may be discounted if there are inconsistencies in the evidence
> as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ gave Plaintiff "the benefit of the doubt in assessing her functional limitations," but found Plaintiff's "descriptions of her symptoms and limitations are generally inconsistent and unpersuasive." R. at 24. The ALJ identified Plaintiff's history of migraines, but noted Plaintiff could control the symptoms with treatment. R. at 24-25. The ALJ found Plaintiff had a seizure disorder, but noted Plaintiff had not been treated for a seizure since 2008, and Plaintiff reported her seizures were stable. R. at 25, 462. Due to Plaintiff's migraines and seizure disorder, the ALJ included limitations in the RFC regarding noise and hazards. R. at 25.

The ALJ considered Plaintiff's subjective statements regarding reports of pain and numbness, but found the severity alleged inconsistent with the medical evidence. R. at 25. Plaintiff reported a need to elevate her legs seventy percent of the time, but

nothing in the record indicates this is required. R. at 26. As discussed above, Plaintiff alleges she fell two to three times per week even with a cane, but the record does not contain treatment for falls or injuries sustained in falls. R. at 25. While Plaintiff alleged difficulty gripping and dropping items, Plaintiff's examinations showed no significant sensory or motor deficits. R. at 370, 386, 450, 627, 714.

Finally, the ALJ noted Plaintiff's daily activities were inconsistent with allegations of disability. Plaintiff's function report indicates she is able to care for her personal needs and grooming, prepare meals, do light household chores, drive a car, go out alone, go grocery shopping, handle her finances, and read, watch television, and sew. R. at 270-275. The ALJ noted Plaintiff continued to smoke despite being advised of its negative effects, and identified Plaintiff's poor compliance with providers as additional reasons to question Plaintiff's credibility. R. at 25.

The ALJ acknowledged and considered the *Polaski* factors. R. at 21-27. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). Plaintiff's RFC included limitations consistent with credible allegations, but the ALJ identified several reasons based on the record to find Plaintiff was not credible. The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: September 20, 2017

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT